**UNITED STATES v. JAMES.**

No. 2, Docket 22520.

United States Court of Appeals, Second Circuit.

Argued Oct. 9, 1953.

Decided Nov. 4, 1953.

J. Edward Lumbard, U. S. Atty., Washington, D. C. (Milton R. Wessel, Asst. U. S. Atty., New York City, of counsel), for appellee.

Florence M. Kelley, New York City, Shepard, Murtha & Merritt, Hartford, Conn. (Donald P. Richter, New Britain, Conn., of counsel), for appellant.

Before CHASE, Chief Judge, and CLARK and FRANK, Circuit Judges.

CHASE, Chief Judge.

The appellant was convicted by a jury after a trial on an indictment charging the unlawful sale of narcotics in violation of Title 21 U.S.C.A. §§ 173, 174.

A narcotics agent testified as a witness for the government that he had arrested the appellant on January 14, 1952, at 90 Church Street in New York City and that he then had a conversation with him. He was then allowed, over the objection of the appellant, to testify as follows:

"The defendant had gone to 90 Church Street and asked for agent Cardette, and agent Cardette referred me to the defendant and the defendant told me that he wanted to pick up some personal belongings of his which happened to be at our office at the time; and in the discussion that I had with the defendant I asked him how these personal belongings had—how agent Cardette had gotten hold of his personal belongings, and he told me that he had been arrested on the night of January 3, 1952."

The attorney for the appellant at once moved for a mis-trial and after argument in the absence of the jury the motion was denied. The appellant did not testify and no evidence to show his unsavory character was admissibile, not because of its irrelevance, but because of a dominant policy which recognizes that what tends to shows a likelihood that the accused had flouted the law at some other time is too apt to be given undue weight by the jury and to prejudice his right to a fair trial on the instant charge. Michelson v. United States, 335 U.S. 469, 475, 476, 69 S.Ct. 213, 93 L.Ed. 168; Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077; United States

v. Modern Reed & Rattan Co. Inc., 2 Cir., 159 F.2d 656.

The argument of the government to the effect that the jury may have thought that the arrest on January 3 was not on some other charge but on that for which the appellant was then being tried is but a far-fetched supposition seemingly based on nothing more than that the judge during the argument on the motion for a re-trial said "On the January 3, arrest, I was simply assuming that he was arrested on that date on this particular charge and you say that was later." The judge evidently had forgotten that the witness had testified that he had arrested the appellant on this charge on January 14th and might well have been confused as to the January 3rd arrest because he would hardly expect a district attorney would attempt to introduce such clearly inadmissible evidence as that of a prior arrest. But the testimony of this witness made it plain that the appellant had been arrested for some other offense before he was arrested for the one on which he is being tried and there is no reason to believe that the jury did not so understand his testimony. The contention that it may not have done so is quite unconvincing.

Nor was there any applicable exception to the general rule of exclusion. Identity was not an issue nor was specific intent an essential element of the crime charged. Moreover, the evidence is colorless as to intent or previously conceived design to commit that crime. It did not reveal the nature of the offense for which the appellant had previously been arrested. The effect of the introduction of this testimony was too clearly to show a proclivity to commit crime and thus blacken, to his prejudice, the character of the appellant, who did not by testifying make that an issue, to permit the erroneous admission of it to pass as harmless error. United States v. Krulewitch, 2 Cir., 145 F.2d 76, 156 A.L.R. 337; Paris v. United States, 8 Cir., 260 F. 529; Coulston v. United States, 10 Cir., 51 F.2d 178.

Judgment reversed.