Miguel **RODRIGUEZ–GASTELUM,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 24489.

United States Court of Appeals,
Ninth Circuit.

July 7, 1970.

Rehearing Denied Aug. 24, 1970.

Malcolm J. Rainsford, San Francisco, Cal., Miguel Rodriguez-Gastelum, for appellant.

Richard K. Burke, U. S. Atty., Daniel Salciot, Richard Allemann, and Joseph S. Jenckes, Asst. U. S. Attys., Phoenix, Ariz., for appellee.

Before DUNIWAY and WRIGHT, Circuit Judges, and BYRNE, District Judge *

BYRNE, District Judge:

Fernando Terrazas testified that he had been working for five years as a civilian informer for the Federal Bureau of Narcotics; that he was paid by the case; that he first met the appellant while they were both working as farm hands in Stockton, California, in August, 1967. Terrazas further testified that appellant stated he would like to find a person interested in buying heroin. Terrazas then told appellant that he had a friend whom he might see when he returned to Arizona after Christmas.

In April, 1968, Terrazas received a telephone call from the appellant at his home in Arizona. The appellant told him that he had "located his man and was ready to deal", and that he wanted Terrazas to see him in Calexico. Terrazas went to Calexico. Appellant stated that the "buy" would have to take place in Mexico, but Terrazas told him "nothing I can do. My man no want to deal up there." (apparently referring to Mexico). No agreement was reached and Terrazas went home.

Thereafter the appellant and Terrazas communicated with each other on several occasions, but the appellant insisted that that deal must be consummated in Mexico while Terrazas stuck to his statement, "we still ain't going to Mexico", and if the appellant "wants to deal, let me know and come over here to the United States". Later the appellant called Terrazas and said he had 15 lots of heroin. Terrazas told appellant he would have his man call him. Terrazas relayed this information to Government Agent Jordan.

Agent Jordan had two telephone conversations with the appellant. The conversations took place on April 9, 1968. At the time of the first conversation, Jordan, using the name, "Victor", told appellant that under no circumstances would Jordan go to Mexico. The appellant countered by telling Jordan to come to Calexico, California, to pick up the heroin. Agent Jordan replied that he would rather take delivery in Arizona. At this point the appellant informed Jordan that he had to consult with other

* Honorable William M. Byrne, United States Senior District Judge, Central District of California, sitting by designation.

people and that Jordan should call him back in approximately an hour.

Later that same afternoon, Agent Jordan called the appellant. The appellant stated he was ready to negotiate. Jordan stood firm on his position that he wanted the heroin delivered in Arizona and that he preferred Phoenix. The appellant again suggested Calexico. Jordan then suggested that they meet halfway so that they could get the thing over with, and suggested that they meet at the Greyhound Bus Terminal in Yuma since the appellant was in Calexico and Jordan was in Phoenix. The appellant agreed to make the delivery at the Yuma Greyhound Bus Terminal.

At the meeting at the Greyhound Terminal in Yuma, Jordan attempted to negotiate price. However, the appellant refused to negotiate and quoted a price of $625.00 per ounce, stating "that was the best that he could do, and he and his friends had agreed on that price".

Appellant testified in his own behalf and confirmed the fact that he had met Terrazas in Stockton, California, in August, 1967. He testified it was Terrazas who made the first statement regarding heroin. He admitted going to Yuma, Arizona but denied either bringing heroin into the United States or selling heroin to Agent Jordan.

The sole issue in the case is whether the district court erred in refusing to instruct the jury on entrapment.

The district court, in refusing the instruction, stated that the court's ruling was based primarily on Ortega v. United States, 348 F.2d 874 (C.A.9 1965), in which this court held an instruction should not be given when the accused denies committing the acts constituting the crime. See also Wright v. United States, 9 Cir., 391 F.2d 542; Ortiz v. United States, 358 F.2d 107 (C.A.9 1966); cert. den. 385 U.S. 861, 87 S.Ct. 114, 17 L.Ed. 2d 88.

Here the appellant denied either bringing heroin into the United States or selling heroin to Agent Jordan. With this evidence before the jury, how could the district court instruct the jury that the appellant claimed he was *induced* by the government agents to sell them heroin, without in effect telling the jury appellant was a liar?

The district court correctly refused to instruct the jury on entrapment.

Affirmed.