**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Matilde Romero SANCHEZ, Defendant-Appellant.**

**No. 26014.**

United States Court of Appeals,
Ninth Circuit.

April 7, 1971.

William T. Healy, Tucson, Ariz., for defendant-appellant.

Richard K. Burke, U. S. Atty., Ann Bowen, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before BARNES, KOELSCH and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Appellant was convicted of facilitating the transportation and concealment of 1,140 grams of heroin in violation of 21 U.S.C. § 174. On appeal she complains of the trial court's refusal to instruct the jury on entrapment. We affirm.

Appellant and her daughter were charged with transporting and concealing the heroin in Nogales, Arizona, knowing it to have been illegally imported. The daughter failed to appear for trial and appellant was tried alone. Appellant denied knowledge of the illegal importation, but also claimed that she was entrapped by a government agent who had called her son-in-law, Hector Ambriz, a "big dealer" across the border in Mexico, prior to the arrest. This call was tape recorded.

At the pretrial hearing appellant moved for production of the recordings, and the motion was denied. However, prior to trial the judge permitted her counsel to hear the existing tapes, and counsel acknowledged that he had listened to them. One of the recordings, taken after appellant was arrested, had unfortunately been erased by an agent in the course of consolidating the tapes. With appellant's counsel present the trial court heard testimony in chambers by government agents about the contents of the conversation on the erased tape. We can find no error in this procedure. In any event, the post-arrest recording could have no bearing on the alleged entrapment.

Appellant was arrested after she had handed the heroin to a government agent. Her defense was that an informer had called Hector Ambriz in Mexico and set up the transaction, inferring that Hector and his wife and mother-in-law, the appellant, deliver the drugs. The claimed entrapment was that Hector was himself a government agent and, if not, he too had been entrapped by the informer who had called him.

If Hector was entrapped, that defense is not available to appellant. Appellant cannot avail herself of the possibility that her supplier may have been entrapped. Carbajal-Portillo v. United States, 396 F.2d 944 (9th Cir. 1968).

Further, having denied knowledge and guilt, the defense of entrapment was not available to her. Rodriguez-Gastelum v. United States, 429 F.2d 536 (9th Cir. 1970).

Therefore, since no evidence was presented from which the jury could infer that appellant was induced by a government agent to commit the crime, the trial court properly refused to instruct the jury on entrapment. *See* Notaro v. United States, 363 F.2d 169 (9th Cir. 1966).

Appellant also assigns as error the giving of the jury instruction, pursuant to 21 U.S.C. § 174, that the jury could infer illegal importation and knowledge thereof, once it finds that the accused has possession of the drug. The instruction is proper as to heroin. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). The evidence was sufficient to justify a finding that appellant had actual possession of the narcotic drug.

Affirmed.