**UNITED STATES of America,**
**Appellee,**

**v.**

**Jorge BARRIOS, Appellant.**

**No. 71-2449.**

United States Court of Appeals,
Ninth Circuit.

March 14, 1972.

James P. Pierik, San Diego, Cal., for appellant.

Harry Steward, U. S. Atty., John R. Neece, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS, HAMLEY and ELY, Circuit Judges.

HAMLEY, Circuit Judge:

Jorge Barrios appeals his conviction, following a jury trial, for violation of 21 U.S.C. § 174 (transportation, concealment, and sale of opium). We affirm.

Defendant contends that there was insufficient evidence to prove that the opium had been illegally imported and that defendant had knowledge that it had been illegally imported.

For conviction, it was necessary for the Government to prove: (1) that the defendant knowingly received, concealed, sold or facilitated the transportation, concealment or sale of the opium; (2) that the opium was illegally imported; and (3) that defendant knew of the illegal importation. *See* Turner v. United States, 396 U.S. 398, 405, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). There was ample evidence to establish the first of these elements. With regard to the second and third elements there was direct evidence sufficient to warrant a finding that the opium was imported from Mexico, and that defendant knew of such importation.[1] But defendant argues that it was not proved that such importation was illegal and, if illegal, that defendant knew of such illegality.

The law forbids the importation of any opium product except crude opium required for medical and scientific purposes. Importation of crude opium for the purpose of making heroin is specifically forbidden. Turner v. United States, 396 U.S. 398, 413, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); 21 U.S.C. § 173. While it is true that sizable amounts of crude opium are legally imported and used to make morphine and codeine (*Turner, supra,* at 413, 90 S.Ct. 642), no evidence was introduced in this case that the opium in question was so imported. Since the legal importation of opium for the indicated purposes is permitted only as an exception to the general prohibition set forth in 21 U.S.C. § 173, the burden was upon defendant to show that the importation of this opium fell within the exception. *See* Hockenberry v. United States, 422 F.2d 171, 173 (9th Cir. 1970); United States v. Ramzy, 446 F.2d 1184, 1186 (5th Cir. 1971).

In the absence of evidence that the exception applies, the jury was thus free to find that the opium was illegally imported. In view of the evidence referred to above, indicating that defendant knew the opium was imported from Mexico, that it was wrapped in a Mexican newspaper, and that defendant sought to sell the opium undercover

1. A witness testified that Barrios said, at the time of the transaction, that the "stuff" came from Mexico, and that the substance was wrapped in a Mexican newspaper.

rather than to utilize it for the permissible manufacture of morphine and codeine, the jury could reasonably infer that defendant knew the importation was illegal.

Defendant questions whether the statutory inference arising from possession, as set forth in 21 U.S.C. § 174, is applicable to opium, pointing out that Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), dealt only with heroin (as to which the statutory inference was upheld), and cocaine (as to which the inference was held, on the facts of that case, invalid). But here the Government's case did not depend upon the statutory inference. For the same reason we need not consider defendant's argument that the Government is not entitled to the benefit of the section 174 inference because no instruction was given concerning that inference.

 Defendant argues that the trial court erred in instructing the jury as follows:

"Under the law, it is unlawful to import or bring any narcotic drug into the United States with certain few exceptions. You are not here concerned with such exceptions. Thus, if the evidence shows that a narcotic drug has been brought into the United States it will have been brought into the United States contrary to law."

· No objection was taken to this instruction and we may therefore notice any impropriety therein only if it constituted plain error. Rule 52(b) Federal Rules of Criminal Procedure. For the reasons stated above in discussing the sufficiency of the evidence, we conclude that there was no plain error.[2]

 Defendant's next contention, that the trial court committed reversible error by not advising him of the availability of an interpreter, is also without merit. Neither defendant nor his counsel requested an interpreter, and neither indicated any need for one. The record shows that defendant had no difficulty in communicating. The appointment of an interpreter is within the discretion of the trial judge, and that discretion was not abused here. See United States v. Rodriguez, 424 F.2d 205 (4th Cir. 1970).

 The trial court ruled that defendant could not introduce evidence with respect to the defense of entrapment, nor have an entrapment instruction given, unless he first admitted commission of the offense charged. Barrios challenges this ruling, but we are convinced that it was correct. Defendant is not entitled to the defense of entrapment where he denies that he committed the offense charged. United States v. Sanchez, 440 F.2d 649, 650 (9th Cir. 1971). Nor does the admission of defendant that he possessed the substance in question, coupled with his vehement denial of any knowledge regarding its nature or illegal origin, amount to such an admission as to entitle him to raise the entrapment defense.

After this case was taken under submission Barrios, proceeding personally, filed a supplemental brief raising additional questions not dealt with in the opening brief prepared by his court-appointed counsel. We find nothing therein having sufficient merit to warrant discussion.

Affirmed.

2. United States v. Bagby, 451 F.2d 920 (9th Cir. 1971), cited by defendant on this branch of the case, is inapplicable. It deals only with an instruction purporting to advise the jury concerning the application of the statutory inference permissible under 21 U.S.C. § 174. No such instruction was given in this case.