**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Thomas JENKINS, Defendant-Appellant.**

**No. 72–2080.**

United States Court of Appeals, Ninth Circuit.

Nov. 20, 1972.

Rehearing Denied Dec. 14, 1972.

Certiorari Denied April 2, 1973. See 93 S.Ct. 1544.

John J. Flynn (argued), Tom Galbraith, of Flynn, Kimerer, Thinnes & Galbraith, Phoenix, Ariz., for defendant-appellant.

Joseph Jenckes, V, Asst. U. S. Atty. (argued), William C. Smitherman, U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before WRIGHT and GOODWIN, Circuit Judges, and McGOVERN, District Judge.*

ALFRED T. GOODWIN, Circuit Judge:

Robert Thomas Jenkins, a member of the Arizona bar, was apprehended in the act of loading 430 pounds of marijuana into a friend's pickup truck at the Winslow, Arizona, airport. He appeals the resulting convictions of conspiracy to import and illegal possession under 21 U.S.C. §§ 841(a)(1), 952(a), and 960(a)(1).

Jenkins asserts five major points, but none requires reversal.

Conceding that the entrapment defense is not available in its classic form, Jenkins nonetheless asserts that "an intolerable degree of government participation" in the crime renders his conviction void. He attempts to bring himself within the language of United States v. Russell, 459 F.2d 671 (9th Cir. 1972), cert. granted, 409 U.S. 911, 93 S.Ct. 226, 34 L.Ed.2d 172 (1972), and Greene v. United States, 454 F.2d 783 (9th Cir. 1971).

■■ There was no direct governmental participation in Jenkins' criminal activities. In return for a cash reward, a smuggler named Bustamonte, who operated within Mexican territory, reported to United States officials a flight containing contraband. As a result of this information, officers were present when Jenkins played his part at the Winslow airport. Even if Bustamonte's cooperation with federal agents made him an agent, there was no evidence that he had ever induced Jenkins to participate in a smuggling venture. Bustamonte's dealings were with the pilot of the airplane, McDaniel. One who is not induced by government agents to participate in a crime may not rely upon the entrapment defense that might, in appropriate circumstances, be available to a colleague whose participation may have been induced by improper governmental activity. United States v. Sanchez, 440 F.2d 649 (9th Cir. 1971). We express no opinion in this case upon the question whether an entrapment defense might have been available to McDaniel. That issue is not before us.

■■ Jenkins' next point is that the government's case is fatally tainted by the failure of the government to produce Bustamonte as a witness at the trial. While it is not plausible that Bustamonte's testimony could have helped Jenkins, we do not base our decision on the materiality of the hypothetical testimony. The most that Jenkins had a right to demand of the government was that it make a reasonable effort to locate and produce Bustamonte as a witness. The government had, after all, sent money to Bustamonte at a Mexican mail address. However, there is no showing that the government did not make a reasonable effort to locate Bustamonte, and, indeed, the district court found that it did make such an effort.

■ Jenkins also urges that the government or the trial court should have granted immunity to a witness named Lanny Witt. Witt refused on Fifth Amendment grounds to talk about the case at all, and was not used as a witness for or against Jenkins. Jenkins recognizes that the cases have uniformly held that the trial court has no power to grant immunity to a witness whose testimony the defendant may wish to offer, and that the government cannot be forced to grant such immunity. Ellis v. United States, 135 U.S.App.D.C. 35, 416

---

* The Honorable Walter T. McGovern, United States District Judge for the Western District of Washington, sitting by designation.

F.2d 791 (1969); Earl v. United States, 361 F.2d 531 (D.C.Cir. 1966), cert. denied, 388 U.S. 921, 87 S.Ct. 2121, 18 L.Ed.2d 1370 (1967). He hopes to avoid this rule through reliance on a footnote in *Earl* which stated that if the government granted immunity to its witnesses while refusing to do so for the defendant's witnesses an argument could be made that the "[g]overnment could not use the immunity statute for its advantage unless Congress made the same mechanism available to the accused." 361 F.2d at 534 n. 1. However, on the facts of this case, that problem is not presented, for the government granted immunity to no one.

Nevertheless, Jenkins argues that because McDaniel, the pilot who transported the marijuana, negotiated a successful plea bargain McDaniel had nothing more to fear, and thus had the equivalent of immunity. The *Earl* case rejected the argument that a plea of guilty was the equivalent of a grant of immunity, and we agree.

Jenkins privately took a polygraph test to bolster his explanation of his part in the transaction. After an encouraging dry run, or experiment, with the polygraph, he offered to stipulate to take another test, given by an operator chosen by the government, and to have both tests reported to the jury. The government understandably refused so to stipulate, and the trial court correctly rejected the offer of Jenkins' electrical oath-helper. United States v. Salazar-Gaeta, 447 F.2d 468 (9th Cir. 1971); United States v. Sadrzadeh, 440 F.2d 389 (9th Cir. 1971), cert. denied, 404 U.S. 850, 92 S.Ct. 84, 30 L.Ed.2d 88 (1971).

Finally, Jenkins assigns numerous errors to the instructions. Jenkins did not object to the instructions, as required by Fed.R.Crim.P. 30. Not only were the alleged errors far from plain, but the instructions as a whole fully and fairly explained to the jury the meaning of reasonable doubt.

Affirmed.