UNITED STATES of America,
Plaintiff-Appellee,

v.

Ernesto Lopes SALSEDO,
Defendant-Appellant.

No. 78–3449.

United States Court of Appeals,
Ninth Circuit.

Oct. 29, 1979.

Jerome S. Stanley, Jerome S. Stanley, Inc., Sacramento, Cal., for defendant-appellant.

Fern Segal, Asst. U. S. Atty., Sacramento, Cal., argued, for plaintiff-appellee; John C. Gibbons, Sacramento, Cal., on brief.

Before DUNIWAY, PECK * and HUG, Circuit Judges.

PECK, Circuit Judge.

At a jury trial in the district court, defendant was convicted of conspiracy to distribute and distribution of a controlled substance[1] in violation of 21 U.S.C. §§ 841 and 846. On appeal, defendant raises a variety of issues, all of which are without merit.

First, defendant argues that basic notions of fundamental fairness were violated when the Assistant United States Attorney refused to call defendant as a witness before the grand jury that was considering his indictment. We disagree. A grand jury proceeding is not an adversary proceeding in which the guilt or the innocence of an accused is adjudicated. *See, e. g., United States v. Calandra*, 414 U.S. 338, 343–44, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). Thus, an accused has ". . . no right of cross-examination, or of introducing evidence to rebut [a] prosecutor's presentation." *United States v. Y. Hata & Co.*, 535 F.2d 508, 512 (9th Cir.), *cert. denied*, 429 U.S. 828, 97 S.Ct. 87, 50 L.Ed.2d 92 (1976). Likewise, an accused has no right to be called as a witness before the grand jury that is considering his indictment, *United States v. Donahey*, 529 F.2d 831, 832 (5th Cir.), *cert. denied*, 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91 (1976); *United States v. Smith*, 552 F.2d 257, 261 (8th Cir. 1977); *United States v. Ciambrone*, 601 F.2d 616, 622–623 (2d Cir. 1979); *United States v. Thompson*, 144 F.2d 604, 605 (2d Cir. 1944) (L. Hand, J.); *Duke v. United States*, 90 F.2d 840, 841 (4th Cir. 1937).

Second, defendant argues that his Sixth Amendment right to a speedy trial was violated by the "delay" between his arraignment and his trial. This second argument of defendant is patently frivolous. As is conceded by both parties, the "delay" between defendant's arraignment and his trial, excluding any delay attributable to defendant himself, was 111 days. Thus, the length of the "delay" challenged by defendant satisfied the 120-day requirement of the speedy trial plan of the district court in which defendant was tried.[2] Further, noth-

---

* Honorable John W. Peck, Senior United States Circuit Judge, Sixth Circuit, sitting by designation.

1. The facts of the present case are not important for the purposes of this appeal. Suffice it to say that defendant was implicated in a conspiracy to distribute and a distribution of heroin through the work of two government witnesses—Catalino Nunez, an undercover informant for the Drug Enforcement Administration (DEA), and Julius Baretta, a special agent of the DEA.

2. Defendant was arraigned on December 29, 1977, in the Eastern District of California. The Speedy Trial District Plan for that district provides that, if an arraignment occurs on or after July 1, 1977, but before July 1, 1978, the trial must commence within 120 days of the arraignment.

ing in the record indicates (and defendant has made no attempt to show) that the "delay" in question either prejudiced defendant in the preparation of his case, or was the result of any misconduct on the part of the government. *See Barker v. Wingo*, 407 U.S. 514, 530–33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (a court, when confronted with a possible speedy trial violation, should consider the length of the delay between arraignment and trial, the reason for the delay, the defendant's assertion of his Sixth Amendment right, and the prejudice to the defendant).

 Third, defendant argues that the district court abused its discretion when it appointed an interpreter to allow a government informant to testify in Spanish, his native language. Again we fail to find any merit in defendant's argument. An appointment of an interpreter lies within the sound discretion of a trial judge, and such appointment will be disturbed on appeal only if the judge has abused that discretion. *See, e. g., United States v. Barrios*, 457 F.2d 680, 682 (9th Cir. 1972). In the present case, the district court conducted a thorough hearing with the informant outside the presence of the jury, and determined that the informant was "not fluent in English." Moreover, the court reasoned that the fluency in Spanish of both the informant and the defendant would serve to eliminate any serious problems with nuances in language. In the light of the circumstances of the present case, the district court's decision to appoint an interpreter was a proper exercise of judicial discretion.

 Fourth, defendant argues that the trial judge erred when he ordered defendant to provide the government with a transcript of a telephone conversation between defendant and the government informant. In support of this argument, defendant con-

tends that the conversation transcript, made by defendant's counsel from a tape recording provided by the government,[3] was protected from disclosure under the doctrine of "work product."[4] In advancing this argument, defendant fails to recognize the fact that the doctrine of work product involves a qualified and not an absolute privilege. In other words, a counsel's work product is protected by a privilege that is subject to waiver by its holder. *See, e. g., United States v. Nobles*, 422 U.S. 225, 239, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). The decision of the Supreme Court in the *Nobles* case is particularly instructive in the context of the present appeal. Therein, a defense counsel relied on an investigative report in his cross-examination of certain prosecution witnesses. The counsel, despite his testimonial use of the report, asserted that he was not required to disclose the report at trial on the ground that the report was his work product. The Supreme Court rejected the counsel's argument, and held that counsel had waived any privilege when he had used the report in his cross-examination. The Court stated:

> Respondent can no more advance the work product doctrine to sustain a unilateral testimonial use of work product materials than he could elect to testify in his own behalf and thereafter assert his Fifth Amendment privilege to resist cross-examination on matters reasonably related to those brought out in direct examination.

422 U.S. at 239–40, 95 S.Ct. at 2171. In the present case, defendant's counsel made reference to the conversation transcript (his alleged work product) in his cross-examination both of the government informant and of another government witness, an agent of the Drug Enforcement Administration. Thus, consistent with the holding of the

---

3. The taped telephone conversation was between defendant and the government informant Nunez. The parties spoke in Spanish. Apparently, defendant's counsel had his secretary, who spoke Spanish, make a written translation of the conversation in English. The dis-

trict court ordered defendant to disclose at trial the transcript of his secretary's English translation.

4. For a discussion of the "work product" privilege, *see* 4 J. Moore, Federal Practice ¶ 26.63.

Court in *Nobles*, defendant's counsel waived any work product privilege in relation to the transcript through the use of the transcript in his cross-examination. *See also* Rule 106, Fed.R.Evid.[5]

Finally, defendant argues that the district court abused its discretion when it limited defendant's cross-examination of the government informant. More specifically, defendant argues that the district court should have allowed defendant to inquire more fully into the particulars of the informant's previous work with the Drug Enforcement Administration.

■■ The extent of cross-examination is within the sound discretion of the trial judge who must exercise a reasonable judgment in determining when counsel has exhausted an appropriate subject of inquiry. In *Skinner v. Cardwell*, 564 F.2d 1381, 1389 (9th Cir. 1977), *cert. denied*, 435 U.S. 1009, 98 S.Ct. 1883, 56 L.Ed.2d 392 (1978), this Circuit discussed the standard to be applied to determine whether counsel has been afforded an adequate opportunity to cross-examine a witness for impeachment purposes. The Court held:

> The test for whether cross-examination about a relevant topic was effective, i. e., whether the trial court has abused its discretion, is whether the jury is otherwise in possession of sufficient information upon which to make a discriminating appraisal of the subject matter at issue. When the refused cross-examination relates to impeachment evidence, we look to see whether the jury had sufficient information to appraise the bias and motives of the witness.

564 F.2d at 1389.

In arguing that the district court in the present case abused its discretion, defendant cites the case of *United States v. Leja*, 568 F.2d 493 (6th Cir. 1977). Therein, defendant's counsel had attempted to impeach the credibility of a government informant by showing that the informant's livelihood had depended entirely upon the government's compensation. The district court had allowed cross-examination of the informant as to his compensation from the Drug Enforcement Administration (DEA) for his work in the *immediate* case. However, the court had refused to allow any inquiry whatever into the informant's compensation for his *previous* work with the DEA. The Sixth Circuit reversed the judgment of conviction, reasoning:

> Past rewards are actually more important than remuneration for the case at hand, since pay for the case at hand comes after the work is done. Evidence of past rewards shows what an informant can expect by making a case. It is in making a case that any deceit occurs, for once the case is made, and an investigation terminated by arrest, the testimony is virtually assured.

568 F.2d at 498. We find that the holding of the Sixth Circuit in *Leja* is sound. However, the facts of the present appeal are distinguishable from the facts of *Leja*. In the case now before us, the district court allowed defendant's counsel to elicit in detail the fact that the government informant had worked for the DEA on previous occasions. Further, the court ordered the government to produce the DEA's pay guidelines so that defendant's counsel could use the guidelines in his cross-examination. In *Leja*, on the other hand, the district court had forbidden *all* inquiry into the subject of the compensation, if any, that had been previously paid to the government's witness.

After a careful review of the record in the present case, we conclude that ". . . the jury had sufficient information to appraise the bias and motives . . ." of the DEA's informant. *Skinner v. Cardwell, supra*, 564 F.2d at 1389.

5. In ordering defendant to disclose the conversation transcript, the district court relied, in part, on Rule 106, Fed.R.Evid. Rule 106 provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

For the reasons stated above, the judgment of the district court is affirmed.