974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Onofrio CATALANO, Defendant-Appellant.
 No. 91-50372.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 21, 1992.
Decided Sept. 3, 1992.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CR-90-69-2; Richard A. Gadboise, District Judge Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before TANG and CYNTHIA HOLCOMB HALL, Circuit Judges, and SHUBB,* District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 Onofrio Catalano appeals his conviction following a jury trial for distribution and conspiracy to distribute approximately eight kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. Catalano makes three arguments. First, Catalano maintains that the district court erred when it failed to appoint an interpreter for him, because his limited ability to understand the English language prevented him from comprehending the proceedings or communicating with his attorney. Second, he contends that the district court erred when it held that the government did not breach its sentencing agreement with him. Third, and finally, Catalano asserts that certain remarks made during trial were so prejudicial as to require that the verdict be overturned and a new trial ordered. We affirm.
 
 DISCUSSION
 
 7
 I. Appointment of an interpreter.
 
 
 8
 A defendant who communicates well in English and has no primary reliance on a foreign language is not entitled to an interpreter under the Court Interpreters Act, 28 U.S.C. § 1827(d)(1). See United States v. Lim, 794 F.2d 469, 470-71 (9th Cir.), cert. denied, 479 U.S. 937 (1986).
 
 
 9
 In the case at hand, the court record is replete with instances where Catalano communicated extensively and exclusively in English. Catalano conducted drug negotiating and trafficking in English, with an English speaking undercover agent. A lengthy interview between Catalano and two FBI agents was conducted entirely in English. Finally, Catalano testified at a suppression hearing and at his sentencing hearing in English. Accordingly, we do not find that the district court's failure to appoint an interpreter was an abuse of discretion. See United States v. Salsedo, 607 F.2d 318, 320 (9th Cir.1979) (holding that the appointment of an interpreter lies within the sound discretion of the trial judge, and such appointment will only be disturbed on appeal if the judge has abused that discretion).
 
 
 10
 II. Sentencing Agreement.
 
 
 11
 Catalano contends that during an interview with two FBI agents, he agreed to cooperate with the government in return for the government's promise of a recommendation of leniency or to otherwise act to lessen the mandatory minimum sentence that he faced. Catalano further contends that the government breached this agreement when it filed a motion pursuant to 18 U.S.C. § 3553, authorizing the district court to depart downward from the mandatory minimum sentence, while reserving the right to argue against such a downward departure. The district court found this arrangement unusual, but acceptable.
 
 
 12
 After reviewing the transcript of the interview of the alleged agreement, we find the existence of an agreement to be questionable. The interview took place before Catalano was arrested. The FBI agents made it clear that they could not make any specific promises. Moreover, the cooperation requested by the government was in the context of Catalano assisting the government in the eventual arrest and conviction of his drug trade superiors; something which he refused to do. The most that can be said is that a general "if you help us, we will help you" agreement was reached.
 
 
 13
 However, even if there was an agreement, we find that the government fulfilled its end of the bargain. Absent a section 3553 motion, the district court would have been required by law to sentence Catalano to a mandatory minimum sentence of ten years. 21 U.S.C. § 841(b)(1). Catalano was sentenced to eighteen months less than the mandatory minimum sentence, and thereby benefited from the government's section 3553 motion. Consequently, the government did act to lessen Catalano's mandatory minimum sentence. In the absence of a more specific agreement, the district court's determination that the government complied with the agreement, was not clearly erroneous. Cf. United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985) (holding that a district court's findings as to the terms of a plea agreement are reviewed for clear error), cert. denied, 479 U.S. 835 (1986).
 
 
 14
 III. Prejudicial remarks.
 
 
 15
 "Prosecutorial misconduct does not require reversal unless the misconduct deprives the defendant of a fair trial. In evaluating whether the error affected the fairness of the trial, the possible prejudicial effect of the alleged misconduct must be judged in the context of the entire trial." United States v. Sanchez-Robles, 927 F.2d 1070, 1077 (9th Cir.1991) (citations and quotations omitted). Reversal is not required if the misconduct was isolated and not inflammatory. Id.
 
 
 16
 Catalano maintains that certain references made during trial by the prosecutor and witnesses concerning witness safety, organized crime, and Italian ethnicity, so prejudiced the jury as to warrant a reversal. Catalano's argument that these references created the specter of organized crime in the minds of the jury is unpersuasive. We find that these references were isolated, not inflammatory, and not so prejudicial as to warrant reversal. See id. The district court did not abuse its discretion in denying Catalano's motion for mistrial.
 
 
 17
 The district court is AFFIRMED.
 
 
 
 *
 Honorable William E. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3