AP-77,036
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/6/2015 12:12:57 PM
Accepted 10/6/2015 12:37:53 PM
ABEL ACOSTA
CLERK

**No. AP-77,036**

In the
Court of Criminal Appeals of Texas
At Austin

————————◆————————

**No. 1412826**
In the 179th District Court
Of Harris County, Texas

————————◆————————

FILED IN
COURT OF CRIMINAL APPEALS

October 6, 2015

ABEL ACOSTA, CLERK

**JUAN BALDERAS aka APACHE**
*Appellant*
v.
**THE STATE OF TEXAS**
*Appellee*

————————◆————————

STATE'S LIST OF SUPPLEMENTAL AUTHORITIES

————————◆————————

To the Honorable Court of Appeals:

This case is set for oral argument on October 7, 2015. The issues that will be argued revolve around the appellant's claims that the trial court erred in allowing a State's witness to testify through an interpreter when there was evidence in the record that the witness could speak English.

The State's pre-argument research has not uncovered any additional authority on the statutory or constitutional claims made by the appellant. The State has found a small number of federal cases interpreting Federal Rule of Criminal Procedure 28, which relates to the appointment of interpreters by

the trial court. The State does not believe these cases are binding, but, considering the paucity of cases addressing whether a trial court erred in appointing an interpreter, they may be of some assistance to this Court.

*United States v. Salsedo*, 607 F.2d 318, 320 (9th Cir. 1979). The Ninth Circuit upheld a trial court's decision to appoint an interpreter for a State's witness over defense objection. The Court determined the matter by deferring to the trial court's conclusion, made after a hearing, that the witness was "not fluent in English."

*United States v. Frank*, 494 F.2d 145, 157-58 (2d Cir. 1974). In this case, a prosecution witness testified in English on direct examination but testified through an interpreter on cross-examination. Judge Friendly, writing for the Second Circuit overruled the appellant complaint but expressed disapproval of the trial tactic. Judge Friendly noted that the jury observed the procedure and the defense used the tactic to attack the witness's credibility.

*United States v. Cheung Kin Ping*, 555 F.2d 1069, 1078 (2d Cir. 1977). In this case a prosecution witness who spoke English "fairly well" testified through an interpreter. The trial court specifically instructed the jury that "[i]f a witness were to pretend or feign ignorance of the English language, you may consider it in the same manner as you would a false statement of a witness in determining whether or not to believe his testimony." The defendant raised a Confrontation Clause claim on appeal, but that argument was overruled because it had not been raised in the trial court.

*United States v. Petrosian*, 126 F.3d 1232, 1234-35 (9th Cir. 1997). After Petrosian admitted that he would have a hard time testifying in English, the trial court forced him, over objection, to testify through an interpreter. The Ninth Circuit upheld this impingement on the defendant's right to testify based on the trial court's "legitimate interest" in excluding unreliable evidence. The Ninth Circuit explicitly noted that Petrosian had been "afforded the opportunity to convey his sincerity to the jury by his physical reaction as the interpreter repeated questions and by the tone of his voice and his facial expression as he responded."

Respectfully submitted,

/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
morgan_clinton@dao.hctx.net
TBC No. 24071454

## CERTIFICATE OF SERVICE

I certify that I have requested that efile.txcourts.gov electronically serve

a copy of this motion to:

R. Scott Shearer
shearerlegal@yahoo.com
Counsel for Appellant

/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
morgan_clinton@dao.hctx.net
TBC No. 24071454

Date: October 6, 2015