**In re CONTINENTAL AIRLINES CORPORATION, et al., Debtors.**

**NATIONAL MEDIATION BOARD, et al., Appellees,**

v.

**CONTINENTAL AIRLINES CORPORATION, et al., Appellants.**

No. 85–2531.

United States Court of Appeals, Fifth Circuit.

May 21, 1986.

Fisher & Phillips, Richard L. Wyatt, Jr., James J. McDonald, Jr., Altanta, Ga., Sheinfeld, Maley & Kay, Houston, Tex., Akin, Gump, Strauss, Hauer & Feld, John J. Gallagher, Washington, D.C., for appellants.

Allen L. Lear, Dept. of Justice, J. Christopher Kohn, Timothy F. Brown, Atty., Washington, D.C., Henry K. Oncken, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., Ronald M. Etters, Atty., Gen. Counsel, Nat. Mediation Bd., Washington, D.C., for appellees.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert L. PRICKETT, Defendant-Appellant.**

No. 85–3359.

United States Court of Appeals, Sixth Circuit.

Argued March 31, 1986.

Decided May 7, 1986.

Rebecca J. Wolf, Daniel J. O'Brien, argued, Dayton, Ohio, for defendant-appellant.

James A. Wilson, argued, Asst. U.S. Atty., Dayton, Ohio, for plaintiff-appellee.

Before MARTIN and GUY, Circuit Judges, and REED,* District Judge.

* Honorable Scott Reed, United States District Judge for the Eastern District of Kentucky, sit-

BOYCE F. MARTIN, Jr., Circuit Judge.

Robert Prickett was found guilty by a jury of knowingly and intentionally distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1), using a telephone to facilitate the manufacture of methamphetamine in violation of 21 U.S.C. § 843(b), knowingly and intentionally manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1), and knowingly and intentionally possessing, with the intent to distribute, a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1). His arrest came after several months of undercover investigation by DEA officials and government informers. Here, his most notable assignment of error involves the denial by the trial court of his entrapment defense, and the exclusion of expert witness' opinion on his mental condition at the time he allegedly committed the offense.

■ Despite repeated requests by counsel to instruct on entrapment, the trial court refused to do so. In *United States v. Mitchell*, 514 F.2d 758 (6th Cir.), *cert. denied*, 423 U.S. 847, 96 S.Ct. 86, 46 L.Ed.2d 68 (1975), this Court held that failure to admit all elements of the offense precluded raising the defense of entrapment. Here, Prickett denied knowing that the substance delivered to one of the government agents was methamphetamine. He also denied that methamphetamine was seized from his laboratory at home, that he distributed methamphetamine to a DEA agent, that he ever possessed methamphetamine or that he manufactured methamphetamine. He also denied having any criminal intent by testifying that he produced only ephedrine, the precursor of methamphetamine, in the course of his legitimate chemical research. On three previous occasions, we have expressly held that failure to admit the *mens rea* element of a crime precludes reliance upon the defense of entrapment. *See United States v. Wilcox*, slip op. No. 83–3916, 7 (6th Cir. November 12, 1985); *United States v. Ranzoni*, 732 F.2d 555, 560

ting by designation.

(6th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 292, 83 L.Ed.2d 228 (1985); *United States v. Bryant,* 716 F.2d 1091, 1094 (6th Cir.), *cert. denied,* 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 238 (1984). Prickett continues to rely, as he did in the court below, upon a *mens rea*-related defense, the defense of insanity. As we pointed out in *Bryant,* 716 F.2d at 1094, such a reliance precludes resort to entrapment as a defense.

■ His argument that the trial court's failure to give an entrapment instruction deprived him of his constitutional right to remain silent is clearly without merit. He took the stand and volunteered his testimony, making this argument now untenable. *See United States v. Henry,* 749 F.2d 203, 210–211 (5th Cir.1984); *United States v. Annese,* 631 F.2d 1041, 1047 (1st Cir.1980).

■ As to the insanity defense, his witness, Dr. Mahmed Faruki, was not allowed to express an opinion on whether Prickett was able to conform his behavior to the law and whether Prickett was able to appreciate the wrongfulness of his act. Such an opinion, of course, would have embraced an ultimate issue of fact in this case. Following his arrest, but prior to trial, the Senate Judiciary Committee amended Fed.R. of Evid. 704, to take effect on October 12, 1984. The rule, as amended,[1] prohibits expert testimony on an ultimate issue of fact. Under Rule 704, as it was prior to its amendment, the testimony might have been admissible. Prickett contends that former Rule 704 should have been applied because that was the rule in effect at the time the crimes were allegedly committed, and the application of current Rule 704(b) violates the constitutional prohibition against *ex post facto* laws. We are not persuaded by this argument.

■ A change in the law which is procedural is not *ex post facto,* even though it may work to the disadvantage of the defendant. *See Dobbert v. Florida,* 432 U.S. 282, 292, 97 S.Ct. 2290, 2297, 53 L.Ed.2d 344 (1977); *Beazell v. Ohio,* 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925). In *Dobbert,* 432 U.S. at 294, 97 S.Ct. at 2298, the court found the change in Florida law, procedural and not *ex post facto,* stating that the crime for which the defendant was indicted, the punishment prescribed, and the quantity or degree of proof necessary to establish guilt, all remained unaffected by the subsequently enacted statute. In *Beazell,* 269 U.S. at 170–71, 46 S.Ct. at 68–69, the court noted "statutory changes in the mode of trial or the rules of evidence, which do not deprive the accused of a defense and which operate only in a limited and unsubstantial manner to his disadvantage" are permissible.

Applying *Dobbert* and *Beazell,* we can only conclude that the change in Rule 704(b) was procedural and its application here did not amount to an *ex post facto* violation of Article I of the Constitution. New Rule 704(b) has no impact upon the crimes for which Prickett has been indicted nor on the punishment prescribed by Congress. Nor does Rule 704(b), as amended, change the quantity or degree of proof necessary to establish his guilt. While the new Rule 704(b) may work to disadvantage the introduction of expert testimony as to mental condition at the time of his alleged offenses, it does not deprive him of an insanity defense.

The judgment of the district court, 604 F.Supp. 407, is affirmed.

___

**1.** Rule 704. Opinion on ultimate issue

    (a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

    (b) No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.