861 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Stanley SISSOM, Defendant-Appellant.
 No. 88-5274.
 United States Court of Appeals, Sixth Circuit.
 Nov. 3, 1988.
 
 Before KRUPANSKY and RALPH B. GUY, Jr., Circuit Judges, RONALD E. MEREDITH, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Charles Sissom, was convicted after a jury trial of conspiracy to possess and distribute cocaine, possession of cocaine with intent to distribute, and distribution of cocaine.
 
 
 2
 On appeal, Sissom raises two issues: (1) the trial court improperly allowed the government to amend the indictment and refused to grant a requested continuance, and (2) the trial judge improperly denied the defendant the defense of entrapment. Upon a review of the record we find no errors and affirm.
 
 I.
 
 3
 The conspiracy count of the indictment contained a typographical error. It read:
 
 
 4
 From on or about March 20, 1987, the exact date to the grand jury unknown, and continuing thereafter up to and including on or about April 2, 1986 ...
 
 
 5
 (Emphasis added). The six overt acts listed all correctly referenced April 1987 and the two substantive offenses charges also gave a correct April 1987 date. Although an indictment cannot be changed in substance without going back to the grand jury, an obvious typographical error may be corrected upon motion to the court. United States v. Bush, 659 F.2d 163 (D.C.Cir.1981). The error here was not only obvious but was not in the least confusing since the dates given for the overt acts and the substantive offenses made it clear that April of 1987 was the time in question.
 
 
 6
 Since no prejudice could be shown as a result of the error, the trial court correctly exercised its discretion to deny defendant's motion for a continuance. United States v. Gallo, 763 F.2d 1504, 1523 (6th Cir.1985), cert. denied, 474 U.S. 1068 (1986).
 
 II.
 
 7
 Defendant also argues that he was improperly denied the right to assert an entrapment defense. This argument is predicated upon the fact that prior to the Supreme Court's decision in Mathews v. United States, 108 S.Ct. 883 (1988), the rule in this circuit was that a defendant could not assert an entrapment defense unless he first admitted all of the elements of the offense with which he was charged. United States v. Prickett, 790 F.2d 35, 36 (6th Cir.1986); United States v. Mitchell, 514 F.2d 758, 760 (6th Cir.), cert. denied, 423 U.S. 847 (1975). Mathews held that a defendant's admitting all of the elements of the offense charged was not required in order to rely on an entrapment defense. There is no doubt that Mathews should be applied retroactively. United States v. Graham, No. 87-3534 (6th Cir. Sept. 9, 1988). Defendant also claims that he did not testify on his own behalf as a result of not being able to assert an entrapment defense.
 
 
 8
 Upon a careful review of the evidence introduced at trial and defendant's and defense counsel's statements to the court relative to the entrapment defense, we conclude that Sissom was not entitled to rely on an entrapment defense.
 
 
 9
 Without going into great detail, suffice it to say that the evidence presented against Sissom at trial was overwhelming. Sissom sold drugs to an undercover agent from the Tennessee Bureau of Investigation. Most of the conversations that occurred between the agent and Sissom leading up to the drug buy were recorded and the recordings were played to the jury. These conversations were neither cryptic nor coded and Sissom discussed his drug activities openly and freely. Two other persons were indicted along with Sissom and they both plead guilty and testified for the government against Sissom. The records of Sissom's cash transfers between Tennessee and Florida by which he sent down the money to buy the drugs were also in evidence. The prosecution also introduced his personal records which indicated his drug activities.
 
 
 10
 The only factor in the entire case which even suggests the possibility of entrapment being involved is that the undercover agent made the initial contact with Sissom. However, it is crystal clear that Sissom was not only predisposed to dealing drugs but was an active dealer and admitted this to the agent in their first contacts.
 
 
 11
 The defendant is also disingenuous in even making this argument, since at trial he never really indicated he intended to rely on an entrapment defense. Sissom's counsel made no opening statement and the defense presented no witnesses. When the government sought to introduce testimony to show predisposition, the colloquy between the trial judge and the defense counsel resulted in the defendant refusing to indicate whether entrapment was to be a defense or not. Later, the court gave a recess so that the defendant and his counsel could discuss this matter at length and defense counsel informed the court that the defendant did not wish to rely on entrapment. The court responded:
 
 
 12
 I want your client to be comfortable with his decision. I want him to have every right to which he is entitled, but I know of no constitutional right that a defendant has to say, "Judge, I am unable to proceed because I cannot make up my mind what I want to do." While I have tried to allow him ample opportunity to make up his mind, we have got to proceed. I have got to know now if entrapment is not an issue. I have got to at least know whether or not you are relying on the entrapment defense, because I have got to proceed with allowing Mr. Laurenzi to reopen his proof.
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 THE COURT: I need to know about the entrapment thing.
 
 
 16
 (Whereupon, Mr. Clark confers with the defendant.)
 
 
 17
 MR. CLARK: Your Honor, Mr. Sissom has decided he does not wish to proceed with the entrapment defense, and he will not be taking the stand.
 
 
 18
 (App. 78-79).
 
 
 19
 Notwithstanding the foregoing, the defendant requested that the jury be instructed on entrapment. The court very properly denied the request. As the Supreme Court stated in Mathews, a defendant is entitled to an entrapment defense "whenever there is sufficient evidence from which a reasonable jury could find entrapment." Mathews, 108 S.Ct. at 883.
 
 
 20
 Finally, we note that the defendant would not have been prejudiced even if he had proceeded under the then existing rule in this circuit since the government so clearly established every element of the offenses charged that the question of the defendant admitting the elements was wholly academic.
 
 
 21
 AFFIRMED.
 
 
 
 *
 Honorable Ronald E. Meredith, United States District Court, Western District of Kentucky, sitting by designation