883 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John E. RENEER, Plaintiff-Appellant,
v.
COMMONWEALTH OF KENTUCKY, Defendant-Appellee.
 No. 88-6427.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 John Edgar Reneer, a pro se Kentucky prisoner, appeals the district court's order dismissing this action which sought a stay of court proceedings pursuant to 28 U.S.C. Sec. 2283.
 
 
 3
 Seeking injunctive and declaratory relief, Reneer sought to have the Kentucky truth-in-sentencing statute, Ky.Rev.Stat. Sec. 532.055, be declared unconstitutional. He alleged that the statute: (1) violated Section 28 of the Kentucky Constitution; (2) was an ex post facto law which violated article I, section 9 of the Constitution of the United States; and (3) was unconstitutionally void for vagueness.
 
 
 4
 After a review of the files and records, the district court found that Reneer's contentions were without merit and dismissed the complaint with prejudice. Reneer has filed a timely appeal in which he raises the same issues which were before the district court.
 
 
 5
 Upon consideration, we affirm the district court's judgment.
 
 
 6
 In Commonwealth v. Reneer, 734 S.W.2d 794, 798 (Ky.1987) the Supreme Court of Kentucky certified that Ky.Rev.Stat. Sec. 532.055 was constitutional under Sec. 28 of the Kentucky Constitution. As this is a matter of state law, this decision is binding on the federal courts. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam).
 
 
 7
 Further, Ky.Rev.Stat. Sec. 532.055 was not applied to Reneer in an ex post facto manner and the procedural nature of the statute prevents it from being an ex post facto law. Ky.Rev.Stat. Sec. 532.055 provides for a sentencing hearing before the jury after a guilty verdict has been returned. The statute further requires the jury to impose a sentence within the range provided by the underlying law which defines the offense for which a defendant was convicted. See Ky.Rev.Stat.Ann. Sec. 532.055 (Michie/Bobbs-Merill 1988).
 
 
 8
 The statute became effective on July 15, 1986; however, Reneer was not arrested until October 1987 and he was not convicted until February 1988. Thus, the statute was not ex post facto as applied to Reneer. See Weaver v. Graham, 450 U.S. 24, 29 (1981).
 
 
 9
 Further, since the statute only applies following a guilty verdict, it does not alter the elements of the underlying offense or change the ultimate facts necessary to establish guilt. Moreover, since the statute requires the jury to impose a punishment "within the range as provided elsewhere by law," it does not increase or aggravate the punishment received by a convicted defendant. Therefore, the statute is not an ex post facto law. See Weaver v. Graham, 450 U.S. 24, 29, fn. 12 (1981); United States v. Prickett, 790 F.2d 35, 37 (6th Cir.1986).
 
 
 10
 Finally, the statute is not "void for vagueness." A statute which describes conduct to be undertaken by the government, rather than proscribing individual conduct, is not impermissibly vague if it clearly affords notice to a person of ordinary intelligence of the action to take place and the action expected of the individual. See Lopez Lopez v. Aran, 844 F.2d 898, 901 (1st Cir.1988). Ky.Rev.Stat. Sec. 532.055 clearly gives notice to a criminal defendant that if found guilty a separate sentence hearing will occur before the jury. Moreover, the statute affords a defendant ample opportunity to prepare for the sentencing hearing because it clearly delineates the evidence which may be presented to the jury at such a hearing.
 
 
 11
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.