# United States Court of Appeals
## For the First Circuit

No. 09-2549

UNITED STATES OF AMERICA,

Appellee,

v.

JOSE M. RODRÍGUEZ-RODRÍGUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Boudin, Stahl and Howard,
Circuit Judges.

Chauncey B. Wood, with whom Wood & Nathanson, LLP was on brief, for appellant.
Jenifer Y. Hernandez-Vega, Assistant United States Attorney, with whom Rosa Emilia Rodriguez-Velez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division and Luke Cass, Assistant United States Attorney, were on brief, for appellee.

December 13, 2011

**HOWARD**, **Circuit Judge**.  After a four-day trial, a jury in the District of Puerto Rico convicted Jose Rodríguez-Rodríguez of using an interstate commerce facility or means in attempting to persuade a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).[1]  He presses two arguments in support of his appellate claims that the district court erroneously denied his post-trial motion for judgment of acquittal or for a new trial.  First, he asserts that the indictment actually charged him with attempting to persuade a minor to engage in sexual activity not with him, but with another minor, a charge which he says was unsupported by the evidence.  Second, he argues that the district court constructively amended the indictment in two ways:  by instructing the jury in accordance with the government's theory that the indictment charged him with attempting to persuade a minor to have sexual relations with him, and also by instructing the jury in such a way that he may have been convicted based on uncharged conduct.  Although the indictment is not a model of clarity, we reject Rodríguez's reading of it, find nothing improper about the jury instructions, and accordingly affirm his conviction.

---

[1]The statute also proscribes attempts to "induce, entice or coerce" a minor.  As the specific definitions of these words are not at issue, we use the terms interchangeably throughout this opinion.

We set forth the facts in the light most favorable to the jury's verdict. United States v. Mitchell, 596 F.3d 18, 20 (1st Cir. 2010). On April 2, 2008, Rodríguez was logged into an on-line chat room known as "Latin Chat," where he struck up a virtual "conversation" with a person using the screen name "Patsychula 14" ("Patsy"). Rodríguez soon disclosed that he was a forty-year-old man, and Patsy identified herself as a fourteen-year-old girl. At Rodríguez's request, she also described her height, weight and general appearance. Only a few minutes into the conversation, Rodríguez steered the subject towards sex. After making numerous sexually explicit comments and suggestions, Rodríguez asked Patsy if she would like to have sex, told her where he lived and gave her his phone number.

The virtual conversation then moved from the chat room to the more private confines of one-on-one instant messaging, a form of communication that Rodríguez and Patsy used on roughly a dozen days between April 2 and May 22, 2008. In addition, Rodríguez and Patsy spoke by telephone on five occasions during the same timespan. The conversations revolved around sex, and in particular, Rodríguez's stated desire to have sex with Patsy. On May 21, the two agreed to meet two days later at a sandwich shop, from which Rodríguez would take Patsy to a hotel.

Unbeknownst to Rodríguez, the person he thought was a fourteen-year-old girl named Patsy was in fact Agent Christine Segarra of the FBI's "cyber squad," working undercover to apprehend online predators.[2]  Rodríguez was arrested when he arrived at the sandwich shop.

## **II.**

In February 2009, a grand jury returned a one-count superceding indictment with the following charge:

> From in or about April, 2008, and continuing through in or about May, 2008, in the District of Puerto Rico, and within the jurisdiction of this Court, Jose Rodríguez Rodríguez, the defendant herein, did use a facility and means of interstate or foreign commerce to attempt to knowingly persuade, induce and/or entice an individual who represented herself to be and who the defendant believed to be under the age of eighteen, that is, a fourteen year old female, to engage in sexual activity, that is, sexual intercourse with a person less than sixteen years of age, for which he could be charged with a criminal offense in Puerto Rico.  All in violation of Title 18, United States Code, Section 2422(b).

At trial, the government proffered the testimony of Segarra and another FBI agent, transcripts of the virtual conversations and recordings of the phone calls, as well as evidence linking Rodríguez to the phone, email, and instant message accounts involved in those conversations.  Counsel for Rodríguez, who deferred making an opening statement, did not cross-examine any

---

[2]Segarra testified that she used a voice-altering device in order to sound younger on the phone.

of the government's witnesses.  At the close of the government's case, Rodríguez moved for a judgment of acquittal.  He argued that the indictment -- by using the phrase "that is, sexual intercourse with a person less than 16 years of age" -- charged Rodríguez with attempting to entice Patsy to have sex with another minor, a charge for which there was no supporting evidence.  After a lengthy colloquy, the trial court agreed with the government that the phrase, combined with the subsequent phrase "for which he could be charged with a criminal offense," alleged that Rodríguez sought to entice the girl to have sex with <u>him</u>, which would qualify as sexual assault under Puerto Rico law.[3]

The defense consisted of testimony from Rodríguez and his spouse.  Two main themes were presented.  The first was that, because of various details and inconsistencies during the conversations, Rodríguez never actually believed that Patsy was a fourteen-year-old-girl.  Second, both Rodríguez and his wife testified that he suffered from erectile dysfunction when in the presence of women, and therefore he could not have intended to complete the act specified in the indictment.

The trial court instructed the jury that a conviction would require the jury to find, among other things, that Rodríguez "attempted to knowingly persuade . . . an individual to engage in

---

[3]<u>See</u> Article 142 of the Puerto Rico Penal Code, P.R. Laws. Ann. tit. 33, § 4770(a)(2008).

sexual activity," that he believed the individual to be younger than sixteen years old, and that if the attempted sexual activity took place, it would have been a criminal offense in Puerto Rico. The court also read to the jury the pertinent text of Article 142 of the Puerto Rico Penal Code, which criminalizes "sexual penetration be it vaginal, anal, oral, digital or instrumental" if the victim is under sixteen years old. After deliberating for roughly three hours, the jury convicted Rodríguez.

After his conviction, Rodríguez filed a motion for judgment of acquittal or for a new trial. See Fed. R. Crim. P. 29(c) and 33. He first argued that the government failed to prove that he had tried to persuade a minor to have sexual intercourse with another minor, which is what he alleged that the indictment charged. He further argued that the court's jury instruction improperly amended the indictment by broadening the possible bases for his conviction because the indictment specified "sexual intercourse," while the jury instruction used the term "sexual activity" and referenced the Puerto Rico statute's list of various types of illegal sexual activity. The district court denied Rodríguez's motion and subsequently sentenced him to 120 months in prison. This timely appeal followed.

### III.

We review the denials of Rodríguez's post-trial motions de novo. United States v. Rivera-Rodríguez, 617 F.3d 581, 596 (1st

Cir. 2010).  Because both motions depend in large part on the precise allegations lodged against Rodríguez, we turn first to the language of the indictment.

The critical language at issue in the indictment is that Rodríguez attempted to "knowingly persuade . . . an individual . . . who [he] believed to be . . . a fourteen year old female, to engage in sexual activity, that is, sexual intercourse with a person less than sixteen years of age, for which he could be charged with a criminal offense in Puerto Rico."  We reject Rodríguez's interpretation that he was charged with trying persuade Patsy to engage in sexual intercourse with another minor.  In our view, the appropriate reading of the paragraph that essentially begins with "Jose Rodríguez Rodríguez" and ends with "sexual intercourse with a person less than sixteen years of age, for which he could be charged with a criminal offense" is that Rodríguez was charged with persuading Patsy to have sex with him.  This interpretation is consistent with the "rule of the last antecedent," the hoary canon of construction pursuant to which qualifying phrases are usually to be applied to the words or phrase immediately preceding. Coffin v. Bowater, Inc., 501 F.3d 80, 94-95 (1st Cir. 2007) (citing Barnhart v. Thomas, 540 U.S. 20, 26 (2003)); see also United States v. Guild, No. 07cr404 (JCC), 2008 WL 1901724, at *4 (E.D. Va. Apr. 25, 2008) (applying last antecedent rule in sexual abuse case to define alleged target of

abuse). Here, the phrase "for which he could be charged" modifies the immediately preceding phrase, "sexual intercourse with a person less than sixteen years of age."[4] To sum up, we can do no better than did the district court in denying Rodríguez's motion:

> The indictment, fairly read, charges Defendant with enticing a minor to engage in sexual activity with him, and not with anyone else. The last few lines of the indictment simply clarify what type of sexual activity Defendant is accused of, rather than, as Defendant understands it, introducing a new character (another minor) into the action.

## IV.

Rodríguez's other argument is that the district court's jury instructions impermissibly amended his indictment by broadening the potential bases for his conviction from "sexual intercourse" to the larger assortment of sexual activities with a minor criminalized under Puerto Rico law.[5] A constructive

---

[4]Rodríguez also fails to demonstrate that enticing two minors to engage in sexual intercourse with each other is a crime in Puerto Rico. In his Rule 29 argument below, Rodríguez pointed to subsection (g) of Article 142, P.R. Laws. Ann. tit. 33, § 4770(g), which includes as sexual assault "[i]f the victim is forced or induced by means of abuse or physical or psychological violence into participating or becoming involved in unwanted sexual relations with third parties." First of all, the indictment does not allege violence or abuse. Second, the indictment does mention the age of the victim, which is an element of subsection (a), but not subsection (g).

[5]Rodríguez also argues that the indictment was constructively amended because the jury instructions did not reflect his reading of the indictment, i.e., that he was charged with trying to induce Patsy to have sex with another minor. Given our conclusion in

-8-

amendment occurs when the charging terms of an indictment are effectively altered by the prosecution or court after the grand jury has last passed upon them. United States v. Brandao, 539 F.3d 44, 57 (1st Cir. 2008). "[A] court cannot permit a defendant to be tried on charges that are not made in the indictment against him." Stirone v. United States, 361 U.S. 212, 217 (1960). To do otherwise would fail "to preserve the defendant's Fifth Amendment right to indictment by grand jury, to prevent re-prosecution for the same offense in violation of the Sixth Amendment, and to protect the defendant's Sixth Amendment right to be informed of the charges against him." Brandao, 539 F.3d at 57 (citing United States v. Pierre, 484 F.3d 75, 81 (1st Cir. 2007)). Where, as here, the objection was preserved below, a finding of constructive amendment requires reversal. United States v. Bucci, 525 F.3d 116, 131 (1st Cir. 2008).

Rodríguez's brief also makes a somewhat less developed alternative argument that the jury instruction resulted in a prejudicial variance, which would also entitle him to reversal. A variance occurs "'when the charging terms remain unchanged but when the facts proved at trial are different from those alleged in the indictment.'" United States v. Fornia-Castillo, 408 F.3d 52, 66 (1st Cir. 2005) (quoting United States v. Fisher, 3 F.3d 456, 463 (1st Cir. 1993)). Unlike the per se prejudice of a constructive

Section III, we reject this claim.

-9-

amendment, a variance is grounds for reversal only if the defendant has been prejudiced.  See id.  (observing that as long as "the statutory violation remains the same, the jury can convict even if the facts found are somewhat different than those charged -- so long as the difference does not cause unfair prejudice").[6]

Here, there was neither constructive amendment of the indictment nor variance in the proof.  The indictment made reference to "sexual activity" that "violated Puerto Rico law."  In order for the jury to determine whether the government had met its burden -- i.e., whether it proved that Rodríguez attempted to entice Patsy and whether the intended sexual activity was illegal -- it had to be instructed on Puerto Rico law, in this case Article 142.  As noted, Article 142 prohibits various forms of sexual penetration with an individual under age sixteen, including "vaginal, anal, oral-genital, digital or instrumental."  Article 142 thus arguably covers a number of acts in addition to the

---

[6]The doctrines of constructive amendment and prejudicial variance are related, United States v. Fornia-Castillo, 408 F.3d 52, 66 (1st Cir. 2005), and we have observed that the two "are closer to a continuum than exclusive categories." United States v. Mueffelman, 470 F.3d 33, 38 (1st Cir. 2006).  "The line between 'the crime charged' and 'the facts charged' is inherently fuzzy." Id.; Haines v. Risley, 412 F.3d 285, 291 (1st Cir. 2005) ("Save at either end of the spectrum, it is far from clear what distinguishes a permissible variance . . . from an impermissible constructive amendment."); see also, 3 Charles Alan White & Sarah N. Welling, Federal Practice and Procedure § 516 (4th ed. 2011) ("The distinction between variances and constructive amendments is a matter of degree, and the distinction is rather shadowy.") (footnotes omitted).

particular proposal made by the defendant, but the statute clearly includes his alleged conduct.  In the absence of a clear-cut objection and significant risk of prejudice, it is commonplace to read to the jury a single statutory sequence that criminalizes various related acts, without excising portions that a jury would disregard anyway as not directly pertinent.  That is what was done here.[7]  Accordingly, we conclude that the court's instruction neither amounts to an amendment of the indictment nor condones a prejudicial variance in the proof.

## V.

Finding no error in the district court's denial of Rodríguez's post-trial motions, the judgment of conviction is **affirmed**.

---

[7]We also note that several leading medical dictionaries include among their definitions of "sexual intercourse" -- the specific act included in the indictment -- descriptions fully consistent with the language of the state law.  See e.g., Dorland's Medical Dictionary 961 (31st ed. 2007) ("any physical contact between two individuals involving stimulation of the genital organs of at least one"); Miller-Keane Encyclopedia and Dictionary of Medicine, Nursing and Allied Health 943 (7th ed. 2003) (same); The American Heritage Medical Dictionary 749 (Rev. ed. 2007) ("sexual union between humans involving genital contact other than vaginal penetration by the penis").