WAVERLY D. CRENSHAW, JR., CHIEF UNITED STATES DISTRICT JUDGE
*862 The Superseding Indictment in this case was filed on November 16, 2017. (Doc. No. 29.) The case is set for trial on September 11, 2018. On September 5, 2018, the same day as the final pretrial conference, the Government filed a Motion to Amend the Indictment (Doc. No. 125) that is opposed by Defendant (Doc. No. 133).
The Government seeks to amend the Superseding Indictment to include allegations regarding distribution of an additional controlled substance. In Count Six of the Superseding Indictment, a grand jury charged Defendant with possessing with the intent to distribute cocaine. The Government represents that, at some unstated time after the grand jury returned the Superseding Indictment, it "learned through two cooperating individuals that the defendant mentioned that officers failed to locate the heroin that he had in his residence at the time of his arrest." (Doc. No. 125 at 1.) The Government further avers that "[a]gents returned to the defendant's residence, after the execution of the search warrant and were unable to locate the heroin." (Id. ) The Government states that on August 4, 2018, it "located a witness who confirmed that he purchased heroin from the defendant and the defendant sold heroin from his mobile home." (Id. at 2.) The Government does not state precisely when it disclosed this information to Defendant, but it clearly waited one month to request the Court to amend the Superseding Indictment to add heroin to Count Six alongside cocaine. The Government argues that its requested change is "purely [a] matter of form" and that Defendant is not prejudiced because drug identity is not an element of the offense. (Id. at 2-3.)
In response, Defendant argues that the Government's proposed amendment would violate his Fifth Amendment right to be tried only on charged offenses that have been presented to him in an indictment returned by a grand jury in the jurisdiction wherein the alleged crime was committed. (Doc. No. 133 at 1.) Defendant argues that the Government has been aware of this "alternate way in which the offense could have been committed" for a long period of time, and, accordingly, the proposed amendment is not a mere change in "form," but rather a substantive change that implicates fair notice concerns. (Id. at 2-4.) In sum, Defendant contends that the Government's proposed amendment would affect his right to have a meaningful opportunity to effectively present a defense.[1] (Id. at 4-5.)
"The Fifth Amendment guarantees that an accused be tried only on those offenses presented in an indictment and returned by a grand jury." United States v. Manning, 142 F.3d 336, 339 (6th Cir. 1998). Generally speaking, "an indictment is sufficient if it charges an offense, contains the elements of that offense, and fairly informs the defendant of the charge against him." Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). At the same time, it is well-established that after an indictment has *863 been returned, its charge may not be broadened except by amendment by the grand jury itself. Stirone v. United States, 361 U.S. 212, 217-18, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). In other words, "[t]here is a per se rule prohibiting a judge from amending the terms of an indictment." United States v. Moore, 129 F.3d 873, 877 (6th Cir. 1997) (citing United States v. Cusmano, 659 F.2d 714, 717 (6th Cir. 1981) ). "An amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after a grand jury has passed upon them." Cusmano, 659 F.2d at 718. In contrast to allowing an explicit amendment, a "constructive amendment" occurs when "the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of an offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment.' " Manning, 142 F.3d at 339 (quoting United States v. Hathaway, 798 F.2d 902, 910 (6th Cir. 1986) ).
The Sixth Circuit cogently explained the purposes for the rule prohibiting amendment of indictments in United States v. Beeler, 587 F.2d 340 (6th Cir. 1978) :
The purposes underlying the rule against amendments and constructive amendments include notice to the defendant of the charges he will face at trial, notice to the court so that it may determine if the alleged facts are sufficient in law to support a conviction, prevention of further prosecution for the same offense, and finally, of "paramount importance," the assurance that a group of citizens independent of prosecutors or law enforcement officials have reviewed the allegations and determined that the case is worthy of being presented to a jury for a determination of the defendant's guilt or innocence.
Id. at 342 (citation omitted); see also Stirone, 361 U.S. at 218, 80 S.Ct. 270 ("The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge."). Both explicit amendments and constructive amendments are therefore considered per se prejudicial. United States v. Ford, 872 F.2d 1231, 1235 (6th Cir. 1989) ; see also Martin v. Kassulke, 970 F.2d 1539, 1542 (6th Cir. 1992) ("An amendment is per se prejudicial, as it directly infringes the defendant's right to know of the charges against him by effectively allowing the jury to convict the defendant of a different crime than that for which he was charged.").
Accordingly, "an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." Ex parte Bain, 121 U.S. 1, 10, 7 S.Ct. 781, 30 L.Ed. 849 (1887) ; Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) ; United States v. McCourty, 562 F.3d 458, 470 (2d Cir. 2009). Examples of such corrections as a matter of "form" include striking a clerical error as surplusage, Blum v. United States, 46 F.2d 850, 851 (6th Cir. 1931), correcting a scrivenor's error, United States v. Budd, 496 F.3d 517, 534 n.3 (6th Cir. 2007) (Cook, dissenting), altering a defendant's name, Short v. United States, 471 F.3d 686, 694 (6th Cir. 2006) (citing as an example to United States v. McGrath, 558 F.2d 1102, 1104-05 (2d Cir. 1977) ), correcting a mistyped date, United States v. Sissom, 861 F.2d 722 (Table), 1988 WL 116751, at *1 (6th Cir. 1988), and correcting a misstated numerical statutory provision, United States v. Lake, 985 F.2d 265, 271 (6th Cir. 1993) and United States v. Fruchtman, 421 F.2d 1019, 1021 (6th Cir. 1970).
*864 Here, the amendment sought by the Government is clearly not a "matter of form" that fits with any of the examples cited above. The Government does not seek to make a grammatical correction or numerical clarification that will have no impact on the charges against Defendant. Rather, the Government seeks to accuse Defendant of possessing with intent to distribute heroin, in addition to cocaine. These are new, substantive allegations that were never presented to the grand jury, and thus were never tested to determine whether they are "worthy of being presented to a jury for a determination of the defendant's guilt or innocence." Inexplicably, these allegations appear to have languished for some period of time, to be apparently resurrected by the late corroboration of one witness. This only highlights the importance of the grand jury evaluation process. It is the Court's view that, under the law, the proposed amendment would be inappropriate and per se prejudicial to Defendant. And, given the extremely belated timing of this motion - literally at the moment of the pretrial conference and days before trial - the proposed amendment would also be actually prejudicial to Defendant, who would be required to at least modify, if not revise, his trial strategy in response to the additional potential avenue of criminal liability. The Court simply does not find that it is can or should impose this burden.
In sum, "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." Stirone, 361 U.S. at 217, 80 S.Ct. 270. To do otherwise would fail "to preserve the defendant's Fifth Amendment right to indictment by grand jury." United States v. Rodriguez-Rodriguez, 663 F.3d 53, 58 (1st Cir. 2011) (citation omitted). This case has been in the Government's hands for over a year. In Count Six, Defendant was explicitly charged with possession of and intent to distribute cocaine , not heroin.[2] (Doc. No. 29.) To amend the Superseding Indictment to include heroin even though no grand jury has passed on that as "an essential description of the crime" would contravene the Fifth Amendment. Budd, 496 F.3d at 534 (Cook, dissenting). Indeed, to do so offends this Court's notion of basic fairness. Furthermore, introduction of evidence regarding the alleged heroin distribution that was the subject of the proposed amendment could "constructively amend" the Superseding Indictment, resulting in equivalent problems.
The Government's Motion (Doc. No. 125) is DENIED . Defendant shall proceed to trial on the nine Counts of the Superseding Indictment as it stands. Evidence regarding the alleged heroin distribution is excluded pending any further motion by the Government at trial.
IT IS SO ORDERED.

Defendant also challenges certain aspects of the Government's recitation of the history of the evidence regarding the heroin and the lack of corroboration prior to August 4, 2018. For example, Defendant asserts that the Government has statements allegedly made by Defendant himself referencing heroin at 88 Palm Tree Court. (Doc. No. 133 at 2-3.)

The Court notes additionally that the Sixth Circuit's Pattern Jury Instruction applicable to Count Six requires reference to the specific drug charged. See Pattern Crim. Jury. Instr. 6th Cir. 14.01 (2017 ed.).